## YATES v. SQUIRES.

1. **Master and servant: TORTS.** A master is liable for the torts of his servant, committed in the course of his employment, although they are done without his authority and even against his express direction. But this responsibility grows out of, is measured by, and begins and ends with his control of the servant.

*Appeal from Jones District Court.*

WEDNESDAY, JUNE 14.

THE plaintiff sued the defendant, John A. Squires, and his son, Thomas Squires, before a justice of the peace, for the value of a mare alleged to have been killed by the wrongful act of the son under the command of his father. There was a trial by jury before the justice, and a verdict was returned against the defendant, John A. Squires, only, upon which a judgment was rendered by the justice. He

appealed to the District Court, where another jury trial resulted in a like verdict, from which the defendant has appealed to this court. The facts of the case will be found stated in the opinion.

*W. G. Hammond* for the appellant.

*C. R. Scott* for the appellee.

Cole, J. — The plaintiff and defendant owned lands adjoining, which were inclosed in common, there being no partition fence; their horses had been accustomed to run in the common inclosure. On the day the mare was killed, the defendant on leaving ²home directed his son Thomas to turn the plaintiff's mare out of the lot inclosed in common, if she got in there, which was all the direction he gave him in the matter. The mare being found in the inclosure was turned out into the road by the son. After she had been out about fifteen minutes, two of the plaintiff's little boys were endeavoring to drive her past the house of defendant towards their home, and his son Thomas stood in the road to prevent them from doing so; and as the mare came up to go past, he struck her with his whip, whereupon the mare jumped upon the fence and was injured, from which injury she died that evening. The defendant did not return home or have any knowledge of the accident until after it occurred. The plaintiff also proved the value of the mare. This is in substance all the evidence. The jury found for plaintiff the value of the mare, and the defendant moved for a new trial, on the ground that the verdict was not sustained by sufficient evidence. The court overruled the motion and rendered judgment on the verdict, which is the only error complained of.

It is not claimed on the part of plaintiff that the defendant is liable by reason of the relation of parent and child,

1. MASTER AND SERVANT: tort.

nor could it be. But his liability is sought to be placed on the relation of master and servant, growing out of the express authority or command to turn the animal out of the common inclosure. A master is liable for the torts of his servant, done in the *course of his employment*, although they are done without his authority, or even against his express direction. Story on Agency, §§ 452 to 456 and authorities cited; 1 Pars. on Cont., 87, and notes and cases cited; *Donaldson* v. *Mississippi & Missouri Railroad Company*, 18 Iowa.

But this responsibility of the master grows out of, is measured by, and begins and ends with his control of the servant. 1 Pars. on Cont., 88, and note *a b.* The application of these elementary rules to the case at bar, will enable us to determine as to the correctness of the ruling of the court below.

The master directed the servant to turn the mare out of the pasture. If in the execution of this order the servant had done the wrong which produced the damage, the liability of the master would be unquestioned. But after the servant had fully discharged this duty, and the control of the master, in that service, was ended, he committed the wrong complained of. The fact that the wrongful act was done shortly after the performance of the other act which he was directed to do, cannot change the liability of the master. If that service was ended, it is immaterial whether it had been ended fifteen minutes or fifteen days. The act, in either case, not being done *in the service* of the master, he is not liable for it.

The evidence shows that the service under the direction of the defendant was ended, and that the wrongful act was done *outside of the master's service.* And hence the court erred in refusing to set aside the verdict and grant a new trial.

Reversed.