KING v. KING ET AL.

1. **Practice: DEMURRER: MISJOINDER OF PARTIES.** Under Sec. 2648 of the Code, a misjoinder of parties defendant cannot be assailed by demurrer.

2. **Guardian and Ward: ACTION.** An action can be maintained upon an order of the probate court, allowing a guardian's account for money paid for the use of the ward.

*Appeal from Linn Circuit Court.*

TUESDAY, DECEMBER 15.

ACTION at law. The petition alleges that plaintiff was the guardian of defendants, but has been discharged; that as such guardian he paid out and advanced a sum of money for the use and benefit of defendants over and above the amount received by him; that he filed his claim in the court of probate, and an order was therein made for the payment of the sum claimed by the guardian of defendants, which has not been obeyed; and that one of defendants has reached his majority, the other remaining a minor.

Defendants demurred to this petition on three grounds, the first and third being, substantially, that there is a misjoinder of defendants, and that the petition shows no joint liability against them; the second being that the petition fails to show the money paid, for which suit is brought, was for necessaries.

The demurrer was overruled, and defendants standing thereon judgment was entered against them. They now appeal to this court.

*I. M. Preston & Son*, for appellants.

*John Mitchell*, for appellee.

BECK, J.—I. The demurrer, so far as it was based upon the misjoinder of defendants was properly overruled.

1. PRACTICE: misjoinder of defendants: demurrer.

Under Code, § 2648, Rev., § 2876, such an objection cannot be raised upon demurrer. *Dion et al. v. English*, 18 B. Mon., 136; *Gregory v. Oaksmith*, 12

How., 134; *Peabody v. Washington, etc., Mut. Ins. Co.*, 20 Barb., 339.

II. The action, as we understand the record, is based upon the order or judgment of the court of probate, allowing 2. GUARDIAN plaintiff's claim for money overpaid in the dis- and ward: action. charge of his duties as guardian. It was competent for that court to settle the accounts of plaintiff, and in so doing allow him credit for all items lawfully expended for the use and benefit of his wards. The action of the court upon plaintiff's claim was had under this authority, and will bind defendants until set aside or in some way lawfully assailed. The court determined whether the money paid for the wards was properly expended for their own personal use or for the benefit of their estate. The fact that the sums advanced by plaintiff exceeded the money received, and thus left a balance due him, does not affect the validity of the court's order.

No other objections are raised to the judgment of the Circuit Court; it is

AFFIRMED.