E. M. KINCADE, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

**Railroads:** FELLOW SERVANTS: *Agency.* Where an employee of a railroad company, riding on a hand car, strikes at another, who, in an attempt to avoid the blow, pushes off a third employee, who is run over, the injury is not a willful one.

SAME. Under Code 1873, section 1307, making railroad companies liable for injuries to employes resulting from neglect of other employes, or from their willful wrongs, when connected with the operation of the road, where an employe riding on a hand car struck at another, who, in an attempt to avoid the blow, pushed off a third employe, who was injured, the company is not liable, though the injured employe was operating the car, since the employe striking the blow was not acting within the scope of his authority.

*Appeal from Appanoose District Court.*—HON. M. A. ROBERTS, Judge.

THURSDAY, APRIL 6, 1899.

ACTION to recover for personal injuries. At the close of plaintiff's case the court ordered a verdict for defendant. From the judgment rendered thereon, plaintiff appeals.— *Affirmed.*

*Porter & Porter* for appellant.

*Mabry & Payne* and *J. C. Cook* for appellee.

WATERMAN, J.—Plaintiff was in the employ of defendant company as a section hand. At the time of his injury he was returning from work in company with nine other employes, on a hand car. Plaintiff stood on the front of the car, facing to the rear. He had hold of the lever, and was aiding in propelling the car. Two of his companions engaged in a political discussion. One of them (McCoy) was standing on the right of the plaintiff. The other (Howard) was on his left. This discussion culminated in McCoy striking at Howard. The latter, in attempting to avoid the blow, pushed against plaintiff, throwing him to the ground in such a manner that the car passed over him, and inflicted the injuries for which he sues.

Section 1307 of the Code of 1873 is as follows: "Every corporation operating a railway shall be liable for all damages sustained by any person including employes of such corporation in consequence of the neglect of agents or by any mismanagement of the engineers or other employes of the corporation and in consequence of the willful wrongs, whether of commission or omission, of such agents, engineers or other employes, when such wrongs are in any manner connected with the use and operation of any railway, on or about which they shall be employed.      *      *      *"

Appellee treats the case as though plaintiff's injury was willfully caused by a co-employe. We cannot take this view of the facts. While the blow struck by McCoy was willful, in the sense that it was intentional, he had no purpose to harm plaintiff thereby. The effect upon plaintiff was purely accidental. But this distinction is not material, as will be seen from what is further said.

The question presented is, was the negligent act of McCoy of such a character as that the company is liable therefor, under the section quoted? It is a familiar rule that a master is not liable to a third person for the torts of a servant, unless the latter at the time is acting within the scope of his employment. Wood Mast. & Serv. 277; Cooley Torts, 532; 2 Thompson Negli-

gence, 884. We take this to be, also, the test of responsibility under section 1307. The master is not liable to an employe for an injury done by a co-employe, when he would not have been liable to a third person injured by a like act. It is not always easy to determine whether an act done is within the scope of the servant's employment. The distinction, however, is always preserved. In *Cobb v. Railway Co.* 37 S. C. 194 (15 S. E. Rep. 878), it was held that a railway company was liable for the misconduct of an engineer in unnecessarily blowing off steam so as to frighten a horse and cause him to run away, but not for the misconduct of the trainmen in shouting at the animal, although the noise made by them may have aided in causing the accident. So, in *Railway Co. v. Mogk,* 44 Ill. App. 17, the plaintiff in error was held not liable for the act of a driver of one of its cars who willfully struck a child in the street, with the end of the lines, as the car was passing. The rule seems to be that the master is liable, whether the act of the servant be willful or negligent, if it is done or attempted in the master's interest; but where the line of duty is wholly departed from, and the act is done for the servant's own purpose, though it may be done while the servant is pursuing the master's business, the latter will not be liable. 2 Thompson Negligence, p. 886, section 4. There is, however, no claim in the case at bar that the blow struck by McCoy was an act done within the scope of his duty. It was clearly not. The contention of the plaintiff is that, because he was in the performance of his duty at the time of his injury, the defendant is liable. But it is by the act of McCoy, and not by the conduct of plaintiff, that defendant's responsibility is to be fixed. If McCoy was not defendant's agent in doing this act, there can be no liability here. That he was not acting for his employer, but sought to serve some independent purpose of his own, seems too clear for discussion. As we have said, it is practically conceded by appellant. In *Wiltse v. Bridge Co.* 63 Mich. 639 (30 N. W. Rep. 370), defendant was held not

liable for an injury caused to a traveler through his horse being frightened by objects negligently displayed by the toll keeper of defendant's bridge.   It is said in this case, "The rule, briefly stated, is, the responsibility of the master grows out of, is measured by, and begins and ends with, his control of the servant."   See, also, *Golden v. Newbrand,* 52 Iowa, 59; *Porter v. Railway Co.,* 41 Iowa, 360; *Marrier v. Railway Co.,* 31 Minn. 351 (17 N. W. Rep. 952); *Curtis v. Dinneen,* 4 Dak. 245 (30 N. W. Rep. 148); *Mouse v. Newspaper Co.,* 58 Minn. 406 (59 N. W. Rep. 941); *Keating v. Railway Co.* 97 Mich. 154 (56 N. W. Rep. 346); *Winkler v. Fisher,* 95 Wis. 355 (70 N. W. Rep. 477).   The district court did not err in taking the case from the jury, and rendering judgment in defendant's favor.—AFFIRMED.