THOMAS DOLAN, by his Next Friend, Appellant, v. J. C. HUBINGER and J. C. HUBINGER COMPANY.

**Master and Servant:** TORT OF SERVANT.    Where a motorman, to frighten away boys who had placed obstructions on the company's tracks, threw a stone near where he saw the boys in hiding, striking one of them, he was not acting within the scope of his employment so as to render the company liable for the resulting injury, although it had previously instructed him that boys were in the habit of placing obstructions on the track, and that he should use special diligence to prevent the mischief.

TEST OF RESPONSIBILITY.    The test applied in determining whether the master is liable for the act of his servant is not the character of the act, but whether it was done within the scope of the servant's duty.    It is no defense, therefore, that an act was illegal or tortious where it was within the scope of the powers given, or ratified after it was done without authority.

**Demurrer:** NONJOINDER AND MISJOINDER.    Under Code, section 3561, making defect of parties plaintiff or defendant a ground for demurrer, a misjoinder of parties defendant cannot be taken advantage of by demurrer.    The statute deals with nonjoinder, only.

*Appeal from Keokuk Superior Court.*—HON. RICE H. BELL, Judge.

THURSDAY, OCTOBER 19, 1899.

ACTION to recover for personal injuries.    A demurrer to the petition was sustained.    Plaintiff electing to stand thereon, judgment was rendered against him for costs. He appeals.—*Reversed.*

*A. L. Wilson* for appellee.

*John E. Craig* for appellee.

WATERMAN, J.—The petition alleges in substance, that the J. C. Hubinger Company is a corporation, and as such is engaged in operating a street railway in the City of

Keokuk, and that J. C. Hubinger is the general manager of such corporation. Further proceeding, it is charged that one Case was in the employ of defendant company as a motorman at the time of the acts complained of. We set out the further material allegations in full: "(4) That when said Case entered the employment of the J. C. Hubinger Company he was instructed by them that mischievous boys had for a long time and were still in the habit of causing them great annoyance, rendering their property liable to injury and endangering the personal safety of their patrons, by placing small stones and other obstructions on their tracks, and other like mischiefs, in the vicinity of where C and Reid streets intersect in aforesaid city, on a steep grade; and they instructed him to use special diligence to prevent the carrying out of such mischiefs by boys or others in that neighborhood. (5) That on or about May 15, 1897, about 9 o'clock P. M., as Case was conducting his car into West Keokuk, on nearing the curve where C and Reid streets intersect, he observed some boys running away from the track, and on coming up found some obstructions on the track, left there by them. He stopped the car, and got off to remove said obstructions, when he observed the boys hiding, about fifteen feet away. Believing them to be waiting there for the purpose of doing further mischievous acts towards defendant's property, as they had been in the habit of doing, he sought to frighten and drive them away, believing it to be his duty to his employer; and in doing so picked up a small stone, and threw it violently at the walk, near the said boys, but not intending to hit them—all of which acts were following out his instructions, within the scope of his employment, and for the benefit of defendant corporation and J. C. Hubinger. (6) The said small stone struck plaintiff in and over his right eye, inflicting a severe wound, and so injuring the same that plaintiff has totally lost the use of same as a result. That, as a further result, plaintiff's left eye was weakened,.

and is in danger of being lost. That, as a further result, plaintiff's nervous system was so injured by the said wound that his health is impaired from it, and he is continually suffering from recurring pains about the head, all of which injuries resulted from the said wound, and are permanent. That plaintiff was for a long time confined to his bed as a result of said wound, during all of which time he suffered therefrom great mental and physical pain. (7) That the said Case was arrested for the said negligent, careless, and wrongful act, and the defendant J. C. Hubinger, acting for himself and defendant corporation, with full knowledge of the said wrongful conduct of Case, and the injuries caused plaintiff thereby, bailed said Case out of jail, and sent him to work on the same car, immediately upon learning the facts; directed Case to plead guilty to the charge against him, saying: 'I will fix it'; sent physicians, at his own selection and expense, to treat plaintiff's injuries, —all of which acts were done for the purpose and with the intention of approving and ratifying the said wrongful conduct of Case. And said Hubinger did expressly approve and ratify the same for himself and defendant corporation by saying that Case had done 'right', had done his 'duty,' and had done no more than he (Hubinger) would have done." The petition, as originally filed, was against the same parties, and a demurrer to it, the first ground of which was that there was a defect of parties, was sustained. The pleading we have set out is an amended petition. Defendant again demurred as follows: "Now comes defendant, and demurs to the amended petition: (1) Because the amendment does not make out a different case from that of the original petition, in that it simply pleads evidence of the facts set out in the original petition. (2) Because the facts stated in the amendment do not entitle the plaintiff to the relief demanded, as the criminal acts of an employe are not the subject of ratification. (3) Because the defendant J. C. Hubinger, or J. C. Hubinger Company, are not liable for

the torts of their employes, and the petition and amended petition show that the injury complained of was the result of a tort (if it occurred at all) of an employe, and was not done in the course of the business of a motorman, and was out of the line of the business and duties of a motorman, and the motorman, Case, had no authority to do the act complained of, and was not authorized to employ such methods, in the operation of the cars of defendant."

The defect of parties which will afford ground for a demurrer is the nonjoinder of those who should have been joined either as plaintiffs or defendants. A misjoinder or uniting of parties who should not be joined cannot be taken advantage of by demurrer.—Code, section 3561; *Independent School Districts of Graham Township v. Independent School District No. 2*, 50 Iowa, 322; *Bort v. Yaw*, 46 Iowa, 323; *Dubuque County v. Reynolds*, 41 Iowa, 454; *King v. King*, 40 Iowa, 120. There is no defect of parties in this case.

II. Does the petition set out a cause of action? In the first place, we may say that the facts stated do not show that Case had authority to bind the company by the act of which complaint is made; that is, it does not appear that in throwing the stone he was acting within the scope of his employment. In this respect, we think the case at bar is ruled by *Kincade v. Railway Co.*, 107 Iowa, 682. It is not shown that Case was authorized to resist trespassers, and it is affirmatively charged in the petition that the trespass had been committed, and those engaged in it had retreated, when the stone was thrown that caused the injury to plaintiff. In such an event it cannot be said that the act was done within the scope of the servant's employment. *Golden v. Newbrand*, 52 Iowa, 59; *Porter v. Railroad Co.*, 41 Iowa, 358.

III. If there is a question as to whether the facts stated in the seventh division of the petition amount to a ratification by the corporation of Case's act, it is not raised.

The objection presented by the demurrer is that the act, as done, constituted a crime, and therefore could not be ratified. The trial court must have adopted this view in sustaining the demurrer, and in so doing was in error. It will be noticed that the petition affirmatively alleges that Case, when he threw the stone, had no intention of hitting either of the boys. As charged, the act was a tort, but not a crime. Any act of Case which might have been previously authorized by the company, could be ratified by it so far as to incur civil liability therefor. Evans Principal & Agent, 86; Mechem Agency, section 112, 113. Surely the corporation might have made itself civilly responsible in this case by authorizing him to use force against trespassers. The test applied in order to determine whether the master is liable is not the character of the servant's act, but whether it was done within the scope of his duty. *Kincade v. Railway Co.* and *Golden v. Newbrand, supra; Yates v. Squires,* 19 Iowa, 26. When it is said the master is not responsible for the willful wrong of the servant, the statement must be understood as referring to an act done outside the line of employment. *Rogahn v. Foundry Co.,* 79 Wis. 513 (48 N. W. Rep. 670). The general rule is that, if the act done is in the execution of the authority given by the master, the master will be liable, whether the wrong be occasioned by negligence or by a wanton, reckless purpose to accomplish the master's business in an unlawful manner. *Howe v. Newmarch,* 12 Allen, 57. In *McDonald v. Franchere,* 102 Iowa, 496, the servant, a clerk in defendant's store, committed an assault upon a customer, and in an action to recover damages therefor we held defendants liable. See, also, 1 Jaggard on Torts, 43-46. We might give many other cases of like character, but it seems unnecessary to do so. The rule is so well established as scarcely to require citation of authority in its support. For the error mentioned, the judgment must be REVERSED.