HASCHE, Respondent, v. WAGNER, et al, Appellants.

(227 N. W. 66.)

(File No. 5821. Opinion filed October 15, 1929.)

*Hanten, Hanten & Henrikson,* of Watertown, for Appellants.

*McFarland & Kremer, Hasche & Foley,* and *Matthew J. Schmidt,* all of Watertown, for Respondent.

BROWN, J.   Defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and from an order overruling the demurrer they appeal. The complaint alleges in substance that about the 25th of May, 1923, the defendants directed George Luck to go upon the premises occupied by plaintiff and husband and their family and take from there a corn cultivator belonging to the husband, and authorized Luck to employ such force as might be necessary to take possession of the cultivator; that Luck proceeded to carry out these instructions, and in his attempt to remove the cultivator an altercation ensued between him and plaintiff's husband in which Luck assaulted plaintiff's husband and used vile, abusive and obscene language; that plaintiff intervened and requested Luck and her husband to desist from their altercation, whereupon Luck struck plaintiff a violent blow on her head, knocked her unconscious, and seriously injured her, on account of which she demands judgment.  There are numerous other allegations in the complaint to the effect that all that was done was pursuant to a conspiracy entered into between Luck and defendants, and was done with the express knowledge and consent of defendants, and in carrying out the express orders of defendants in furtherance of their business affairs and interests, and that the cultivator was taken possession of by defendants with full knowledge of all that Luck had done, and the defendants ratified and confirmed all that Luck had done.

A master is liable for the wrongful act of his servant if

done in the course of his employment, even though the master does not know of or authorize such act or may even disapprove of such act. Curtis v. Dinneen, 4 Dak. 245, 30 N. W. 148. "The true rule as to the liability of a master for the acts of his servant seems to be that for the acts of the servant within the general scope of his employment while engaged in his master's business, and done with the view of the furtherance of that business and in the master's interest, the master will be responsible, even if the acts be done wantonly and willfully." Waaler v. Great Northern R. Co., 22 S. D. 256, 117 N. W. 140, 141, 18 L. R. A. (N. S.) 297. The opinion in this case cites and quotes from a number of cases in which the facts are quite similar to those in the instant case.

Defendants' direction to Luck to use such force as might be necessary to take possession of the cultivator clearly makes them liable for the result of whatever wrongful force Luck used in the course of his employment in the effort to get possession of the cultivator. In the attempt to take the cultivator against the consent of the husband the altercation ensued. Plaintiff's intervention and request that the parties cease their altercation had a tendency to frustrate Luck's attempt to get the cultivator. The husband was resisting that attempt, and a cessation of the altercation would probably have resulted in Luck not having the cultivator. To put an end to plaintiff's intervention in the business, Luck struck her a violent blow on the side of the head which it is alleged caused the injury which she says she sustained. It seems to us that the assault made by Luck upon plaintiff was done while engaged in defendants' business and with a view to the furtherance of that business and within the scope of his express instructions, and that therefore the complaint states a good cause of action.

The order appealed from is affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.