J. E. DANIEL et al., Appellees, v. CLARKE COUNTY, Appellant.

LLOYD THURSTON, Appellee, v. CLARKE COUNTY, Appellant.

**HIGHWAYS:** Establishment—Condemnation in Order to Straighten. The board of supervisors have no power to *reduce* an appraisement made under Sec. 1527-r2, Code Suppl. Supp., 1915.

*Appeal from Clarke District Court.*—H. K. EVANS, Judge.

OCTOBER 17, 1922.

THE two cases above entitled were tried by stipulation upon the same evidence. Both cases involve the same question, and neither involves any other question. In the discussion, we shall refer to the plaintiffs jointly as though they were parties in the same suit against the same defendant. The question presented involves the proper construction of certain parts of Section 1527 of the Supplemental Supplement to the Code, 1915. These will be set out in the body of the opinion.—*Affirmed.*

*J. B. Dyer,* County Attorney, for appellant.

*O. M. Slaymaker, A. M. Miller,* and *Lloyd Thurston,* for appellees.

EVANS, J.—In the district court, this was an appeal by the claimants from an allowance of damages by the board of supervisors in the matter of relocation of a highway over the lands of the plaintiffs. The facts are stipulated. It appears that, for the purpose of improving the Jefferson Highway, and for the purpose of complying with certain requirements as conditions to Federal aid, the board of supervisors of Clarke County deemed it advisable to make certain changes in the course of the existing highway, extending over a distance of about 12 miles. With such certain changes in view, they proceeded to make negotiations with the respective landowners for acquisition of the right of way. These negotiations resulted in an agreement with all landowners other than the three plaintiffs, whose claims for damages were greater than the board would allow. Proceedings were, therefore, instituted, pursuant to Section 1527 of the Supplemental Supplement, as set forth in Subdivisions r1, r2, and r3. These subdivisions appear in the Compiled Code of 1919 as Sections 2828, 2829, 2830. The particular portions of such sections under consideration are as follows:

"Section 1527-r1. * * * If, from a consideration of the survey and report on such proposed change, the board deems the change advisable, it shall have power to buy such right of way and take conveyance thereof in the name of the county and to pay for the same out of either the county road or bridge fund or out of both of said funds, as may appear advisable.

"Section 1527-r2. If, for any reason, the board is unable to acquire such right of way by agreement with the owner, the

county auditor shall appoint three disinterested appraisers who shall appraise the damages sustained by the landowners through whose land said proposed right of way extends and who shall within ten days make return of their appraisement to the county auditor, and the board shall fix a day at such place in the county as it may determine, at which it will hear all objections to said change and at which time it will determine all damages to each claimant by reason of such proposed change. * * *

"Section 1527-r3.   Service shall be deemed complete on the date when personal service is made, or on the date of the last publication, as the case may be.   All objections to said change and all claim for damages by reason thereof, must be filed on or before the expiration of ten days from the date of completed service or the same will be waived.   Different dates may be fixed for hearing the objections and claims for damages of different owners.   At the time and place fixed for such hearing as to any owner, the board shall meet and proceed to a hearing on the objections or claims for damages of any such owner of whom it has acquired jurisdiction by proper service of notice or, if there be such owners over whom jurisdiction has not been acquired, the board may adjourn such hearing until such date (of which all parties must take notice), when jurisdiction will be complete as to all owners.   At such final hearing, the board shall pass upon the objections filed.   If the objections or any of them be sustained, the proceeding to effect the change shall be dismissed.   If the objections be overruled, the board shall then proceed to a determination of the damages to be awarded to each claimant who has filed such claim.   If the amount of damages so awarded are, in the opinion of the board, excessive, the proceedings shall be dismissed.   If such damages, in the opinion of the board, be not excessive, the board may, by proper order, establish such proposed change in the road or stream, as the case may be, and pay such damages as in case of right of way secured by agreement. * * * The board shall order the auditor to issue warrants in favor of each claimant for the amount of damages awarded, and in such case shall have the right to enter upon such right of way and improve the same. The damages thus awarded shall be paid for out of the county road or bridge fund or out of both of said funds.   Claimants for

damages may appeal to the district court from the award of damages, in the manner and time for taking appeals from the establishment of highways generally. The acceptance at any time of the amount awarded shall constitute a waiver of the right to appeal. If possession of the right of way is not taken and improved prior to the determination of the amount of damages on appeal, the board may, on the appeal being determined, dismiss the proceeding to effect the change, if, in the opinion of the board, the damages finally awarded are excessive.''

The board of supervisors having failed to reach an agreement with the respective plaintiffs as to the amount of their damages, appraisers were appointed by the county auditor, as provided by Section. 1527-r2. The appraisers returned their appraisement, fixing the damages to plaintiff Thurston at $2,200, and to the plaintiffs Daniels at $2,246. At the final hearing and determination of the question of damages, the board of supervisors in effect rejected the appraisement, and allowed the damages to each of these plaintiffs at approximately $1,700. From such order, the plaintiffs each appealed to the district court. The district court reversed the action of the board, and held, in effect, that the appraisement fixed a minimum which the claimants were entitled to accept; that the board could not reduce that minimum, though it might increase the same, upon a hearing of the claimants. From this ruling, the county has appealed to this court. The question presented is, Was the estimate of the duly appointed appraisers binding upon the board? Had the board power, under the statute, to reject the estimate of the appraisers and to fix its own estimate at something less? The contention for appellant answers these questions in the affirmative, whereas the appellees answer them in the negative. The dispute of construction concentrates upon the following particular parts of the Code sections:

''At such final hearing, the board shall pass upon the objections filed. If the objections or any of them be sustained, the proceedings to effect the change shall be dismissed. If the objections be overruled, the board shall then proceed to a determination of the damages to be awarded to each claimant who has filed such claim. If the amount of damages so awarded are, in the opinion of the board, excessive, the proceedings shall be dis-

missed. If such damages, in the opinion of the board, be not excessive, the board may, by proper order, establish such proposed change in the road or stream, as the case may be, and pay such damages as in case of right of way secured by agreement.''

The substance of the argument for appellant is that the statute in terms requires the board to ''determine the damages;'' that the statute contemplates an *award* of damages; that no power to award is conferred upon the appraisers; that the action of the appraisers is advisory only.

The general argument for appellee is that the statute contemplates that the damages awarded may, in the judgment of the board, be *excessive,* in which event the board is authorized to dismiss the proceeding; that such damages could not be excessive in the judgment of the board, if the board itself were to fix the amount thereof; that, therefore, reference must be had in the statute to the award as made by the appraisers.

A careful reading of these sections indicates that they are somewhat defective in phraseology, and therefore obscure in meaning. There is no provision for an appeal from the allowance of damages either by the board or the county. There is a provision for an appeal by the claimants.

We are impressed that the peculiar facts of this case have considerably emphasized the obscurity of the statute. The statute requires the claimant of damages to file his claim. If, in this case, the claimants had claimed *more* than the amount allowed by the appraisers, it would then have devolved upon the board to determine the question of damages. We think the board had power, under the statute, to have allowed *greater* damages than those fixed by the appraisers, if more were claimed by the claimants. They had power also to refuse to allow more than the appraisement. We think this measures the scope of the power of the board to ''determine the damages.'' We find nothing therein which authorizes the board to fix the damages at any *less* sum than the amount of the appraisal. If it deems the appraisal excessive, the remedy provided for the board is to dismiss the proceeding. The situation thus created, which would destroy the entire enterprise because of excessive damages awarded to one claimant, would seem to call for a better remedy. This suggests defective legislation, which may be cured

by later legislation. It does not operate to confer upon the board power to correct excessive appraisal by reducing the same. The statute seems to contemplate that disinterested appraisers selected by the county auditor are a sufficient protection to the county against excessive damages. The claimant has no part in their selection. If their appraisal be adverse to him, his remedy is to present his larger claim before the board and prosecute his appeal, if necessary, from the board to the district court. In all cases where the claim is *greater* than the amount allowed by the appraisers, the construction of the statute presents little difficulty. In such a case, we can give rational effect to all its provisions. Such a case would be the typical case. The present case is rather exceptional, and serves to emphasize somewhat the obscurity of the statute.

We reach the conclusion, as did the trial court, that the statute does not contemplate any scaling down by the board of supervisors of the amount of the appraisal by the appraisers; and that its determination of the damages is to be exercised in a contest where the amount claimed by the claimant exceeds the amount allowed by the appraiser.

This conclusion is somewhat confirmed by a comparative study of the general road statutes pertaining to the vacation and alteration of the roads, as provided in Code Sections 1484—1501, inclusive. By these sections of the statute, appraisers are provided for, but their award is not conclusive. Code Section 1501 expressly provides that the board of supervisors may "increase or diminish" such damages. Such provision is wholly omitted from the sections applicable to the present controversy.

The foregoing disposes of the sole question submitted for our consideration. The parties have stipulated the form of judgment to be entered, pursuant to our decision of this question. The judgment entered below is accordingly affirmed.—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.