K. BURROW, Appellee, v. COUNTY OF WOODBURY et al., Appellants.

**EMINENT DOMAIN:** Compensation—Compromise. Settlement. The acceptance by a property owner, after condemnation and assessment, and while the amount of damages was in controversy, and before the public authorities had taken possession of the land, of an amount less than had been assessed, and the execution of a deed to the right of way, in which deed the amount received is itemized as to (1) right of way, (2) fences, and (3) damages, constitute a full settlement, and preclude recovery of the difference between the assessment and the amount so accepted.

**CONTRACTS:** Consideration—Conclusive Presumption. A specifically recited consideration must be treated as correct, in the absence of any counter showing. (See Book of Anno., Vol. 1, Sec. 9440, Anno. 1 *et seq.*)

Headnote 1: 20 C. J. p. 1161. Headnote 2: 22 C. J. p. 1169.

*Appeal from Woodbury District Court.—*A. O. WAKEFIELD, Judge.

OCTOBER 27, 1925.

PLAINTIFF is the owner of a tract of land in Woodbury County, across which the board of supervisors, by proper proceeding, sought to condemn a right of way for a public highway. The appraisers fixed the damages at $1,500. The board by resolution attempted to reduce the same to $1,200. Later, and before possession was taken thereof, plaintiff conveyed a

right of way to the county for an expressed consideration of $1,200. This action was commenced by plaintiff against the county auditor and members of the board of supervisors of Woodbury County, respectively, in equity for a writ of mandamus to compel the issuance to her of a warrant for the balance of the award. Before trial, the parties stipulated that the action might be tried at law, and a jury was waived. Judgment was entered for the plaintiff for the amount asked, with costs. The defendants appeal.—*Reversed.*

*O. T. Naglestad* and *Ray E. Rieke,* for appellants.

*Jepson, Struble, Anderson & Sifford,* for appellee.

STEVENS, J.—The case was tried below upon a stipulation of facts from which it appears that the parties were unable to agree upon an amount to be paid as damages for the right of way; that, following their failure to so agree, appraisers were appointed by the county auditor to assess the damages; that same were awarded by the appraisers in the sum of $1,500; that the board, by resolution, attempted to reduce this amount to $1,200; that subsequently thereto, and on November 14, 1923, before possession was taken by the county, appellee signed an instrument denominated an "Easement for Public Highway," conveying to the county the strip desired for an expressed consideration of $1,200. This amount, as stated in the deed, comprised the following items:

1. EMINENT DO-
MAIN: compensation: compromise settlement.

| "Right of way | 1.35 acres | $300.00 | $405.00 |
|---|---|---|---|
| Fence | 107 rods | 2.50 | 267.50 |
| Damage | | | 527.50 |
| | Total | | $1200.00" |

The stipulation of the parties further recited that appellee did not, by agreement, expressly waive her right to recover the balance of the award.

The award of commissioners or appraisers in condemnation proceedings is not binding upon the county or other body hav-

ing the right of eminent domain, and payment thereof need not be made unless possession is sought. In the absence of a stipulation to the contrary, as in this case, judgment can be entered in the district court upon appeal from the award of the appraisers for costs only. *Klopp v. Chicago, M. & St. P. R. Co.,* 142 Iowa 474; *Hartley v. Keokuk & N. W. R. Co.,* 85 Iowa 455; *Richardson v. City of Centerville,* 137 Iowa 253; Section 2011, Code of 1897.

Section 1527-r3, Code Supplemental Supplement, 1915, relating to highways, provides that:

"If the amount of damages so awarded are, in the opinion of the board, excessive, the proceedings shall be dismissed."

The statute imposes no limitation upon the power of the board of supervisors to negotiate a settlement with the owner of the property for a smaller amount than that allowed by the appraisers, and, if such owner consents to a reduction thereof, and executes a deed conveying a right of way to the county, we perceive no theory upon which a recovery of the balance of the award could be enforced in an action either at law or in equity therefor.

This, of course, is elementary, and appellee does not contend to the contrary. Neither waiver nor agreement to compromise is pleaded by appellants in their answer. The action of the board of supervisors reducing the amount to $1,200 was without authority and void. *Daniel v. Clarke County,* 194 Iowa 601. This is not, however, decisive of the questions before us. The instrument executed by appellee, it seems to us, will bear but one construction. The transaction resulting in its execution was independent, and subsequent to the award and the adoption of the resolution of the board attempting to reduce the amount to $1,200. The consideration expressed in the deed is, of course, subject to explanation by parol, but, in the absence of proof

2. CONTRACTS: consideration: conclusive presumption.

on this point, it is presumptively correct. This is especially true where the instrument on its face expresses the consideration in items specifically covering the matter in dispute. No claim is made by appellee that she was not familiar with the terms of the deed, or that fraud was practiced by appellants in procuring her signature thereto. As possession was not taken on behalf of the

county until after the easement deed was executed and delivered, we think the only reasonable inference to be drawn from all the facts and circumstances shown in the evidence is that the entry was under the deed, and not by virtue of the condemnation proceedings, although they may not have previously been actually dismissed. The resolution adopted by the board was, in effect, a rejection of the award, as well as a finding that it was excessive. *Resner v. Carroll County*, 126 Iowa 423, relied upon by appellee, which merely holds that the liability of a county for the services of a physician employed by a local board of health to attend a person afflicted with a contagious disease becomes absolute, when allowed by the board of health, and cannot thereafter be reduced by the board of supervisors, is hardly in point. The claim in the *Resner* case was an absolute indebtedness, whereas the claim of appellee became binding upon the county only by acceptance, either express or implied. The board of supervisors had a perfect right to abandon the condemnation proceedings by failing to pay the award or to dismiss the proceedings.

We are unable to concur in the result reached below, and the judgment there entered is—*Reversed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.