DUBUQUE COUNTY ET AL. v. REYNOLDS ET AL.

1. **Practice:** MISJOINDER OF PARTIES: DEMURRER. A misjoinder of parties constitutes no ground of demurrer.

2. ——: SUBSTITUTION OF PLEADING. The court may, in the exercise of its discretion, permit the withdrawal of a reply and the filing of a demurrer to the answer.

3. **Conveyance:** BY PARENT TO SON: PLEADING. A county brought an action to set aside a conveyance by a widow to her son on the ground that it was fraudulently made, and that she was likely to become a charge upon the county. He alleged that, after the death of his father, he had clothed and maintained the family, made improvements upon the property, bestowed his personal services upon it, paid the taxes and otherwise expended a large amount thereon: *Held*, that the matters alleged constituted a good defense and that the demurrer to his answer should have been overruled.

*Appeal from Dubuque District Court.*

MONDAY, OCTOBER 25.

THE plaintiff, Dubuque County, filed its petition for the purpose of obtaining a cancellation of certain conveyances which were fraudulently made by Bridget Reynolds to her son Bernard Reynolds, and alleging that she is incurably insane and likely to become a charge upon the county.

The defendants filed an answer denying generally each and

every allegation of the petition. Subsequently they filed an amended answer and cross petition. The first paragraph of the amended answer is a general denial of the allegations of the petition. The first clause of the second paragraph is a specific denial of the insanity of Bridget Reynolds as alleged in the petition. To the new matter in the amended answer and to the cross petition the plaintiff demurred. The plaintiff also filed a reply to the cross petition, which with leave of the court was withdrawn. A petition of intervention was filed by certain persons claiming to be children of Bridget Reynolds.

Defendants demurred to the original petition and the petition of intervention which was overruled. The demurrer of plaintiff was sustained and judgment rendered for plaintiff as prayed. Defendants appeal.

_H. T. McNulty_ and _J. I. Mullany_, for appellants.

_T. S. Wilson_ and _L. H. Cady_, for appellee.

MILLER, CH. J.—I. There was no error in the overruling of defendants' demurrer. When the demurrer was filed they had already filed an answer to the original petition whereby they had waived their right to demur thereto for the grounds assigned.

1. PRACTICE: misjoinder of parties: demurrer. The principal ground of demurrer to the petition of intervention is that, by allowing the intervenors to come in and join with the plaintiff, a misjoinder of parties takes place. It is a sufficent answer to this objection, that a misjoinder of parties is no ground of demurrer. _Beckwith v. Daggett_, 18 Iowa, 303; _Turner v. First N'l B'k of Keokuk_, 26 Id., 562.

2. ———: substitution of pleading. It is urged as error that the court allowed plaintiff to withdraw his reply and insist on his demurrer to the amended answer and cross petition. This was a matter in the sound discretion of the court not reviewable unless such discretion be abused. While the reply remained on file the plaintiff could not insist on his demurrer or file a

demurrer, but to settle any legal questions proper to be made by demurrer, the court may very properly allow the withdrawal of the reply and the filing of a demurrer, especially before the trial of the cause has been commenced, and sometimes it may be proper after the trial has been entered upon.

III. The new matter averred in the amended answer is that the children of Bridget Reynolds knew that she was going to make the alleged fraudulent conveyance to the defendant, before the same was made, and made no objection thereto. This was no kind of a defense to the action of the county to set aside the deed for fraud, and the demurrer was therefore properly sustained thereto.

IV. The substance of the cross-petition is a statement to the effect that Matthew Reynolds, the husband of Bridget Reynolds and father of defendant, and of the other children who intervene, died in 1864, leaving his widow and children surviving him and residing on the land in controversy; that the children were all minors except the defendant, who was twenty-two years of age, and had been absent from home supporting himself, except the year previous to the death of his father, the greater portion of which he worked at home, having a lease on the farm; that on the death of his father the family was left in a helpless condition so that defendant was compelled to quit the business he was then engaged in, in the state of Minnesota, and return home to take charge of the farm and settle up the business of his father's estate; that he administered on the estate, took charge of the farm, managed and controlled and operated the same for the benefit of the family from the death of his father in 1864 up to 1868. He alleges that he clothed and maintained the family, paid all the debts of the estate, paid the taxes on the land, made improvements and repairs on the farm, showing the amount paid out for taxes and improvements and the maintenance of the family, and what his own services were worth; that Bridget Reynolds, his mother, conveyed 80 acres of the farm to him in 1869 in consideration of what he had done and paid for on behalf of herself and her children; that afterwards she conveyed to him the other 80 acres of the

3. CONVEY-
ANCE: by
parent to son:
pleading.

farm in consideration that he would take care of and support his mother during her natural life, and at her death pay to each of the other three children the sum of two hundred dollars. He further alleges that he has thus far performed his part of this agreement in good faith, and has, since this last conveyance, laid out in support of his mother the sum of five hundred dollars, and in improvements and taxes on the last named tract of land the sum of one thousand dollars.

He prays that his title may be quieted to the whole farm conveyed to him, or that he may be reimbursed his outlay and expenses and allowed a reasonable compensation for his services, labor, etc., in and about the care of the farm and family, and that the same be made a lien on the land in controversy.

It is alleged that all these transactions were in good faith and the conveyances made by said Bridget Reynolds freely for the considerations alleged. Now it would seem that, if the allegations of the cross-petition are to be taken as true, the land being the property of Bridget Reynolds, it sets up good ground for the demand that the title be quieted in the defendant. There are no interests of creditors involved; the land was the property of Bridget Reynolds, and she might lawfully convey the same for the considerations stated in the cross-petition if the same was done in good faith and without fraud on the part of the defendant. This is alleged, and for the purpose of the demurrer it is to be taken as true. We are of the opinion, therefore, that as to the cross-petition the demurrer was improperly sustained.

It was also error to render judgment upon the overruling of the demurrer to the amended answer, without the introduction of evidence in support of plaintiff's claim, for all of the allegations of the petition were denied in the answer, forming an issue of fact which remained after the demurrer was sustained to the new matter alleged. The cause will be remanded for further proceedings in accord with this opinion.

REVERSED.