## BYINGTON v. STONE ET AL.

1. **Practice: WITHDRAWAL OF ANSWER.** It is within the discretion of the court to permit an answer to be withdrawn and demurrer filed, and the exercise of this discretion will not be reviewed unless an abuse of it be shown.

2. **Statute of Limitations: TAX DEED: CONTRACT.** The tax deed, by the provisions of section 784 of the Revision, vested in the purchaser all the interest of the holder of the patent title, and the latter may avail himself of the statute of limitations as a defense against a contract to convey the same, as the patent owner could have done.

*Appeal from Johnson District Court.*

MONDAY, JUNE 9.

IT is alleged in the petition that the defendant Stone purchased certain real estate at tax sale on the 2d day of October, 1860, and that the treasurer of the county executed and delivered a tax deed for the same to said Stone on the 2d day of December, 1863; that on the 7th day of October, 1867, said Stone conveyed a part of said real estate by deed to one Scanlan, and the residue to one Sanders; that said Scanlan has since conveyed the part held by him to the defendant O'Hanlon, and said Sanders has conveyed that part held by him to the defendant Horace Sanders, and that said last named defendants immediately went into possession of said land, and now occupy the same; that said land was patented by the United States to one John Hutchins in the year 1852, and in 1856 said Hutchins conveyed the same by deed to George W. Paine; and on the 1st day of October, 1859, said Paine contracted to convey the same to the plaintiff, by his agreement in writing in these words:

"I, George W. Paine, of the State of New York, hereby bind myself to make and deliver to Robert W. Byington a deed in fee simple for the north-east quarter of the south-east quarter and the south-west quarter of the south-west quarter

of section 36, of township 79, of range 6 west, situated in the county of Johnson and State of Iowa, so soon as the said Robert W. Byington shall have paid or caused to be paid to the said George W. Paine the sum of sixty dollars, if made by the 1st day of August, 1865, to bear interest thereafter at the rate of seven per cent per annum. Witness my hand and seal this 6th of October, 1859.

[SEAL.]                              "GEORGE W. PAINE."

—That all of the parties defendant had full knowledge of plaintiff's ownership of said land when their respective conveyances were made to them, and were cautioned by third parties against taking the same; that at the time of said tax sale to said Stone the plaintiff was the equitable owner of said tract of land, and was a minor of tender years, and he is still the owner thereof and entitled to the possession thereof, and has attained his majority within one year past, and is entitled to redeem said land from said sale to said Stone, under the provisions of the statute.

The prayer of the petition is for an account of the rents and profits of said land, and of the taxes paid under said tax sale to defendant Stone, and for a decree of redemption from tax sale deed, and for general relief. The petition was filed on the 15th day of December, 1875.

On the 5th day of January, 1876, the defendants filed a joint answer, in which they admitted their ownership, and denied each allegation of the petition.

On the 7th day of January, 1878, the following record entry was made: "And now, to-wit, January 7, 1878, comes defendant, and, by leave of the court first obtained, withdraws his answer and files demurrer herein."

On the same day a demurrer was filed, of which the following is a copy:

"Come now D. F. Stone and Horace Sanders, and demur to the petition of said plaintiff on the grounds following, to-wit:

"1.   The plaintiff's petition does not show any subsisting

interest in the land which he seeks to redeem, or that he has obtained title thereto.

"2. The alleged contract from Paine has by its terms expired, and become barred by statute of limitation, and is not shown to have been revived or renewed in any manner whatever.

"3. And any right under said contract with Paine was barred at time of commencement of this action."

The demurrer was sustained by the court. The plaintiff excepted, and, refusing to amend or plead over, judgment was rendered against him for the costs of the action. Plaintiff appeals.

*Remley & Swisher*, for appellant.

*Clark & Haddock*, for appellee.

ROTHROCK, J.—I. The first assignment of error is that the court disregarded the answer. As we understand the record

1. PRACTICE: wi.h lrawal of answer.

the answer was withdrawn by leave of the court, and was not before the court for any purpose. When the answer was withdrawn and the demurrer fil.d the cause stood for hearing upon the demurrer. It is insisted in argument that the defendants should not have been permitted to withdraw the answer and demur, because the answer had been upon the files for two years. This was a matter within the discretion of the court, and it does not appear that there was any abuse of such discretion.

II. It is urged that the court erred in sustaining the demurrer. We think that the ruling of the court was correct,

2. STATUTE of limitations: tax deed: contract.

upon the ground that it does not appear from the petition that the plaintiff has title to the land, nor that he has an equity that can be enforced. More than ten years elapsed between the time plaintiff was entitled to his conveyance from Paine, upon payment for the land, and the commencement of this action. The plaintiff does not aver payment to Paine, nor any fact which would

arrest the operation of the statute. His petition, therefore, showed upon its face that whatever equity he had in the land was lost by lapse of time.

It is urged that defendants cannot avail themselves of the statute of limitations, because such defense is a personal privilege of the party to the contract or a person in privity with him, and there is no privity between Paine and the defendants. But it appears from the petition that at the time of the tax sale Paine held the legal title to the land, subject to be divested upon payment of the purchase money by plaintiff. By the provisions of section 784, of the Revision of 1860, the tax deed vested "in the purchaser all the right, title, interest and estate of the former owner in and to the land conveyed." By operation of law, then, the defendants were invested with the legal title held by Paine, as effectually as though he had conveyed to them by deed, and they can avail themselves of the statute of limitations the same as Paine could have done if his legal title had not been divested.

III.    It is contended that the petition should not have been dismissed as against the defendant O'Hanlon, because he did not join in the demurrer. We think the ruling upon the demurrer in effect disposed of the case as to all the defendants. The petition sought to redeem the land from a tax sale to the defendant Stone. All the other defendants held under him. If there was no right in the plaintiff to redeem from Stone there was no right to redeem from his grantees.

AFFIRMED.