WILSON v. McINTIRE.

1. **Practice:** DEMURRER CONSIDERED WHILE ANSWER ON FILE. Defendant filed a demurrer to the petition, and, pending the demurrer, he also filed an answer, indorsed "filed subject to the demurrer." *Held* that it was competent for the court, in its discretion, to hear and determine the demurrer while the answer was thus on file.

*Appeal from Louisa Circuit Court.*

WEDNESDAY, MARCH 7.

ACTION for the recovery of damages for an alleged malicious prosecution. Defendant filed a demurrer to the petition. He afterwards filed an answer, which was indorsed "filed subject to the demurrer." The court afterwards sustained the demurrer, and, plaintiff electing to stand on his petition, judgment was entered against him. Plaintiff appeals.

*R. Caldwell* and *L. A. Riley*, for appellant.

*Henley & Hale* and *Fred Courts, Jr.*, for appellee.

REED, J.—The only point urged by counsel is that defendant by answering waived the demurrer, and that it was not competent for the court, after the answer was filed, to pass upon the questions raised by the demurrer. We need not determine whether the indorsement on the answer, that it was filed subject to the demurrer, had any effect. The court, in the exercise of the discretion with which it is clothed, might have permitted the withdrawal of the answer, and the filing of the demurrer. What was done was but the equivalent of that; and we do not see how any of plaintiff's rights could have been prejudiced by the practice adopted by the court.

AFFIRMED.