JOHN F. BOWMAN, Appellant, v. CHICAGO, ST. PAUL & KANSAS CITY RAILWAY COMPANY, Appellee.

1. **Practice:** WITHDRAWAL OF PLEADING: DISCRETION OF COURT. Where after answering a petition, and the filing of a reply by the plaintiff, the defendant was permitted at a subsequent term to withdraw its answer for the purpose of filing a motion to strike said petition, *held*, that no abuse of the discretion of the trial court was shown.

2. **Pleading:** MISJOINDER OF ACTIONS: MOTION TO STRIKE. An action to enjoin a railroad company from laying its track in a city street until after the assessment and payment of damages to abutting property, and an action for damages to said property because of the unlawful occupancy of such street by said railroad company, cannot be joined in the same case, as they cannot be prosecuted by the same kind of proceedings.

*Appeal from Marshall District Court.*—Hon. John L. Stevens, Judge.

### Thursday, October 20, 1892.

The facts in this case are stated in the opinion. From an order sustaining a motion to strike an amended and supplemental petition the plaintiff appeals.—*Affirmed.*

*Brown & Miller* and *J. M. Parker*, for appellant.

*Cummins & Wright* and *J. L. Carney*, for appellee.

Kinne, J.—October 11, 1890, the plaintiff filed his petition averring that the defendant threatened to lay a second railway track on Nevada street, in the city of Marshalltown, opposite and adjoining his dwelling house and the real estate on which it was situated; that the defendant had not had assessed the damages which the plaintiff would sustain by reason of the laying and use of said second track, nor had it paid or tendered the plaintiff anything therefor; that the plaintiff would be damaged one thousand dollars by the laying and use of said track; and that the plaintiff had never assented to the laying and use of said track by the defendant. He prayed for an injunction to restrain the defendant from laying said side track and for damages. October 29, 1890, the defendant filed its answer to this petition. November 3, 1890, the plaintiff filed what is styled in the record as "an amendment and supplemental petition," in which he avers that he was, prior to the filing of his original petition, the owner of the property described therein and certain other real estate fronting on said Nevada street; that about 1883 the predecessor of the defendant constructed its railway over and along said Nevada street, laying a single track opposite the plaintiff's said prop-

erty, and that the plaintiff was never paid any damages for the right of way so taken, and never assented to said use of said street, nor did he waive his said damages. He avers that said use and occupancy of said street damages his property to the extent of five thousand dollars. This amendment then sets out the attempt by the defendant to lay the second or side track mentioned in the original petition. It is averred that the plaintiff neglected, when his original petition was filed, to advise his attorneys as to the description of property (other than that stated therein), and of the fact that no damages had been paid for the original right of way. He prays that the original injunction stand, and that on a final hearing the defendant be enjoined from occupying said street past his premises until it pays or procures an assessment of damages for the right of way, etc., and for six thousand and two hundred dollars damages. This amended petition was also answered fully by the defendant. Afterwards the plaintiff filed a reply to said answer. Afterwards, and at a subsequent term of the court, and after a trial notice had been filed, the defendant filed a motion for leave to withdraw its answer, and to file a motion to strike the amended and supplemental petition from the files, on the ground that it introduced a new cause of action substantially changing the claim made in the original petition. Leave was granted by the court to withdraw the answer and file the motion. The motion was sustained, with leave to the plaintiff, without request, to docket the stricken pleading as a separate action. The plaintiff refused to re-docket the amended and supplemental petition as a separate action, and it was stricken from the files. The plaintiff refused to proceed to trial on the original petition, whereupon the court dismissed the cause, dissolved the injunction and and taxed the costs to the plaintiff, to all of which rulings and orders he excepted, and appeals.

I. It is urged that the court erred in permitting the defendant to withdraw its answers and file a notice to strike the supplemental petition and amendment from the files. In permitting the defendant to withdraw its answers and file the motion the trial court was acting within its discretion, and, it not appearing that there was any abuse of such discretion, we cannot interfere. *Dubuque Co. v. Reynolds,* 41 Iowa, 454; *Byington v. Stone,* 51 Iowa, 317.

**1. PRACTICE: withdrawal of pleading: discretion of court.**

II. Did the court err in sustaining the defendant's motion to strike? When the motion to strike was filed, the answers had been withdrawn. The case then stood as if no answer had been filed, so far as the right to file the motion was concerned. Suppose the plaintiff had claimed in his original petition damages to his property arising from the unlawful occupancy of Nevada street by the defendant, it not having paid the same or had them assessed, and had asked judgment for such damages, and an injunction to prevent further use of said street by the defendant until such damages were either paid or assessed; and had averred that the defendant threatened to lay a second track opposite his premises, to his damage, and asked that it be enjoined from so doing,—would the petition have been open to the objection that it joined two causes of action, one triable at law and the other in equity? It seems to us it would. The relief sought in the original petition was purely equitable,—an injunction against threatened injury. The additional relief asked in the amended petition was legal,—damages for a past injury to the plaintiff's property, and an injunction to restrain the continuance of the wrongdoing. While both causes of action exist in favor of the plaintiff, the one is enforceable at law, aided by injunction, and the other seeks relief only possible in equity.

**2. PLEADING: misjoinder of actions: motion to strike.**

We must determine this question on the petition and amendment, regardless of the facts set up in the several answers which were withdrawn. It seems to us that these causes of action could not have been "prosecuted by the same kind of proceedings," and hence were improperly joined. Code, section 2630. We have treated the supplemental petition as such, and not as a substitute for the original, inasmuch as the word "substituted" occurs in only one instance in the last petition filed. It is styled "an amendment and supplemental petition" in the record. In our view, the court was justified in sustaining the motion, and in affording the plaintiff the opportunity to docket his amended and supplemental petition as a separate action. Having declined to do so, and also declined to proceed to trial on his original petition, he cannot complain of the action of the court.

The judgment of the court below is AFFIRMED.