CITIZENS' STATE BANK, ET AL., Appellants, v. ROBERT JESS and MARY JESS, Defendants, and the CITY OF DUBUQUE, Appellee.

**Mortgage foreclosure:** ABATEMENT OF ACTION. A suit to foreclose a mortgage and cut off a tax lien is not abated by a transfer by plaintiff of the title acquired by the foreclosure.

**Merger.** The issuance of a sheriff's deed pursuant to an action to foreclose a mortgage and cancel a lien for taxes levied by a city, will not, so far as the city is concerned, amount to a cancellation of the mortgage by merger.

**Assessment liens:** STATUTES. Code, section 989, relating to actions questioning the validity of improvement certificates or bonds issued by special charter cities, has no application to bonds and certificates issued prior to its enactment.

**Reassessment:** STATUTES. Code, section 989, has no application to a reassessment of a special assessment under section 980 authorizing a relevy whenever the original assessment is void or has been adjudged irregular.

**Limitation of actions.** One seeking to foreclose a mortgage as against other lien holders is not barred of his action until the statute has barred his original cause of action.

**Supplemental petition:** NEW CAUSE OF ACTION. In a suit to foreclose a mortgage, to which a city was made a party because of a claimed lien on the property arising from special assessments

which the petition alleged to be junior and void, a supplemental
petition, alleging that since the commencement of the action
decree of foreclosure had been entered and the action con-
tinued as to the city, did not introduce a new cause of action
as to priority of liens.

**Misjoinder.** The question of misjoinder of parties and causes of
7  action cannot be raised by demurrer; the remedy is by motion.

*Appeal from Dubuque District Court.*— HON. FRED O'DON-
NELL, Judge.

FRIDAY, MAY 5, 1905.

SUIT in equity for the foreclosure of a mortgage upon
the property of the defendants Jess.   The city of Dubuque
was made a party to cut off its lien, by reason of some special
assessments made against the property.   To the petition as
amended and a supplement thereto, the city demurred.   This
demurrer was sustained, and plaintiffs appeal.— *Reversed.*

*McCarthy, Kenline & Roedell,* for appellants.

*Longueville & Kintzinger,* for appellee.

DEEMER, J.— The original petition asked for the fore-
closure of a mortgage upon certain property owned by the
defendants Jess.   The city was made a party to the action
because it claimed a lien upon the property in virtue of some
special assessments levied against it.   The petition charged
that these assessments were junior and inferior to plaintiff's
mortgage, because of defects in the proceedings relating there-
to, which rendered them void.   In a supplemental petition
plaintiffs averred that since the commencement of the action
they had recovered judgment and a decree of foreclosure
against defendants Jess, and that as to the city the action had
been continued.   They further averred that the property had
been sold under the foreclosure decree, and that, the period
of redemption having expired, plaintiffs had taken a deed to

the property, and that they thereafter sold the property by warranty deed to a third person; and they asked that their grantee be substituted as party plaintiff, and that the special assessments be annulled, canceled, and set aside. The demurrer filed to these pleadings was upon the grounds: (1) That plaintiff's cause of action was barred by the statute of limitations; (2) misjoinder of causes of action; (3) because the only question which can be adjudicated in this proceeding is whether the city's lien was junior and inferior to that claimed by the plaintiffs, and, as plaintiffs' lien has been merged into a deed, this action cannot be maintained; (4) because plaintiffs' title is subject to special assessments levied by the city; and (5) because plaintiffs are in no position to question the validity of the special assessments. The original petition simply charged that the defendant city claimed to have some lien upon or interest in the mortgaged premises, but that whatever lien or interest it had was junior and inferior to that created by plaintiffs' mortgage. To this petition the defendant city appeared, and filed a motion to require the plaintiffs to state more particularly the nature of the lien upon or interest in the property which the defendant city claimed, and the facts showing its inferiority to plaintiffs' mortgage. Thereafter, the parties all appearing, judgment and decree of foreclosure was entered against the defendants Jess, and the cause was continued as to the defendant city. It seems that other suits were then pending against the city, involving the validity of the special assessments made by it, and it was agreed that this action, in so far as the defendant city was concerned, should stand continued until these other suits were determined. This entry of continuance was made October 6, 1900. Thereafter, and on November 23, 1903, plaintiffs filed an amendment to their original petition, and a supplement thereto, in which they set forth the acquisition of title to the mortgaged premises through the foreclosure proceedings, and the deeding of the same by warranty deed to the Dubuque Brewing & Malting

Company.   They also pleaded many other matters relating
to the special assessments, rendering them void and of no
effect.   In law the sufficiency of these averments is not ques-
tioned, as we understand it, by the city.   Indeed, counsel
concede in argument that this question is not before us.   They
plant themselves now upon the propositions (1) that plain-
tiffs have no interest in the property and no right to attack
the assessments, (2) that the cause of action is barred by the
statute of limitations, and (3) that there was a misjoinder
of causes of action.   They also say that special assessments
upon real estate are superior to mortgage liens.

With this last proposition we shall not concern ourselves;
for it assumes, of course, that the special assessments were
valid and were properly levied.   For present purposes, it
must be conceded — the demurrer confessing the point —
that these special assessments are invalid, and the only in-
quiry now is, may this invalidity be set forth and taken ad-
vantage of in this form of procedure?

We shall now consider the controlling points relied upon
by the defendant city in support of the ruling of the trial
court.

The transfer by the plaintiffs of the title acquired
by them through the foreclosure proceedings did not cause
1. MORTGAGE FORECLOSURE: action. abatement of    the action to abate.   Code, section 3476; *Kreu-
ger v. Sylvester,* 100 Iowa, 647.

That the plaintiffs received a deed to the property
through the foreclosure proceedings did not, so far as the
defendant city is concerned, amount to a cancellation of the
2. MERGER.    mortgage by and through a merger thereof into
the title held in virtue of the sheriff's deed.
This is fundamental, but see *Lindsey v. Delano,* 78 Iowa,
350.

The assessments which plaintiffs challenge were made
in the year 1892, and a reassessment was made in the year
1899.   The original petition in this case was filed September
19, 1900, and the supplement and amendment thereto on

November 23, 1903. The petition as amended charges that defendant city issued its bonds to pay for the improvement, for which the special assessments were levied, in the year 1892, and that in 1899 the city, without notice, etc., made a reassessment of the cost of the improvement against the property covered by the mortgage. We shall, for the purposes of the case, assume, that both the original assessment and the reassessment were and are void. Now section 989 of the Code, relating to special charter cities — the defendant being of that class — provides that no action shall be brought questioning the legality of any improvement certificates or bonds from and after three months after the time the issuance of the certificates or bonds is ordered by proper authority. This statute found its way into the Code long after the original bonds and certificates in this case were issued, and hence it does not apply. *Waples v. Dubuque,* 116 Iowa, 167.

3. ASSESSMENT LIENS: statutes.

As the reassessment was made either to establish a liability of the owner to the city or to the contractor, and no certificates or bonds were issued thereon; or for the purpose of enabling the city to pay bonds which were invalid when issued, Code, section 989, manifestly does not apply. This reassessment was made under section 980 of the Code, authorizing a relevy under certain conditions — that is to say, whenever the original assessment is invalid or has been adjudged irregular — and section 989 does not, in terms or by necessary implication, apply to such cases.

4. REASSESSMENT: statutes.

The general statute of limitations does not apply, for the reason that one owning title to land, or seeking to foreclose a mortgage as against other lienholders, is not barred of his action until the statute has barred his original cause of action. Plaintiffs' cause of action, in so far as the general statute of limitations is concerned, is not barred. Their original action of foreclosure was timely. They made the city a party

5. LIMITATION OF ACTIONS.

thereto, and by agreement the cause as to it was continued until the amendment and supplement to the petition were filed.

In so far as the questions of priority of lien and right to redeem are concerned, no new cause of action was introduced by the supplement to the petition. The special assessments were an apparent lien upon the mortgaged property, and the holder of the mortgage could well make the city a party to his foreclosure proceedings in order that the validity and priority of its lien might be established. ' *Baker v. Kelley,* 11 Minn. 480 (Gil. 370); *Bunce v. West,* 62 Iowa, 80; *Stanbrough v. Daniels,* 77 Iowa, 561; *Ayres v. Adair Co.,* 61 Iowa, 728. In any event, it must be conceded that the amendment to the petition shows the invalidity of both the original assessment and the reassessment. In other words, plaintiffs had and have a cause of action against the city for the cancellation of these assessments. Plaintiffs also had a cause of action for the foreclosure of their mortgage, and the decree of foreclosure, with the order of continuance as to the city, did not cut off or affect plaintiffs' original rights as against the city.

*6. SUPPLEMENTAL PETITION: new cause of action.*

This being true, it is apparent, the statute of limitations being out of the way, that the only question defendant city may make is the claimed misjoinder of parties and causes of action. Ordinarily these questions cannot be raised by demurrer. The remedy therefor is by motion. *Dolan v. Hubinger,* 109 Iowa, 408; *Lull v. Anamosa Bank,* 110 Iowa, 537; *Miller v. R. R.,* 63 Iowa, 680; *Turner v. Bank,* 26 Iowa, 562; Code, sections 3547, 3548, and 3561.

*7. MISJOINDER.*

None of the grounds for the demurrer were good, and it should have been overruled. The order and judgment are therefore *reversed.*