ROBERT LEYTHAM, Appellant, v. PATRICK HASSETT et al.,
Appellees.

CONTRACTS: Actions for Breach—Parties—Apparent Stranger to
1  Written Contract. An action at law, without any allegation of fraud, may not be maintained on a written contract against a party who did not sign it, on the bald allegation that said party entered into said contract along with those who did sign it.

ACTIONS: Misjoinder—Actions With Conflicting Venues. In an action
2  on a written contract in the county of agreed performance (which county is not the residence of the defendant), plaintiff may not, unless defendant consents, join another action on a contract suable only in the county of defendant's residence.

ACTIONS: Misjoinder—Separate Actions Against Separate Defend-
3  ants. In an action at law against two defendants, plaintiff may not join another action which is maintainable against one of the defendants only.

ACTIONS: Misjoinder—Waiver and Reinstatement of Right to Object.
4  Conceding, arguendo, that defendant, by filing answer and by long delay, waives his right to object to a misjoinder of actions, yet, when plaintiff later amends his misjoined action, defendant may at once, with the consent of the court, withdraw his answer and move

to strike the objectionable count; and plaintiff's speedy withdrawal of his amendment will not deprive the court of its discretion to sustain the motion.

Headnote 1: 13 C. J. p. 713. Headnote 2: 1 C. J. p. 1077; 40 Cyc. p. 87 (Anno.) Headnote 3: 1 C. J. p. 1101. Headnote 4: 31 Cyc. p. 731.

*Appeal from Harrison District Court.*—E. B. WOODRUFF, Judge.

JUNE 25, 1925.

ACTION at law upon a written contract of purchase and sale of real estate. Plaintiff sues his vendee to recover a part of the purchase price. He avers that the defendants were all parties to the contract sued on. Judgment was entered for the plaintiff against defendant Hassett, by default. There was no appearance for the alleged partnership. The defendant McHenry pleaded a general denial. At the close of plaintiff's evidence, the motion of defendant McHenry for a directed verdict was sustained. The plaintiff appeals.—*Affirmed.*

*H. L. Robertson* and *William P. Welch,* for appellant.

*P. W. Harding* and *P. E. Roadifer,* for appellees.

EVANS, J.—I. The case presented by the plaintiff is novel in its conception of legal right. The contract sued on was entered into on June 22, 1920, between the plaintiff, as vendor, and Patrick Hassett, as vendee. The plaintiff agreed thereby to sell to Hassett a farm of 367 acres, for $110,025. $1,000 of the purchase price was paid by Hassett at the time of the execution of the contract. Another payment of $2,000 was required to be paid in the ensuing October, and the same was so paid by Hassett. $20,000 was to be paid on March 1, 1921. Other payments were to be distributed over a period of 6 years. On March 1, 1921, Hassett defaulted. Later, through the aid of McHenry, he paid $10,000 and obtained an extension for one year on the installment then due. The petition advances the theory that McHenry was in some manner interested in the purchase as a

1. CONTRACTS: actions for breach: parties: apparent stranger to written contract.

so-called "partner," and that he is, therefore, personally liable on the contract. No fraud or mistake is alleged. No reformation is prayed, nor any ground for it alleged. No equitable relief is asked. The action is essentially an action by the vendor for specific performance. But it is brought at law. The petition sets forth the written contract which purports to have been entered into by plaintiff and Hassett alone, and which was signed by plaintiff and Hassett alone, and boldly alleges that all the defendants entered into the same. It is not claimed, either by pleading or evidence, that the plaintiff was misled by an ostensible partnership or by any representation of partnership. The plaintiff's own evidence is to the contrary. But the claim is that there was an actual partnership between McHenry and Hassett, under the name of Patrick J. Hassett. No evidence of such actual partnership was offered on the trial which could have been deemed sufficient to sustain a verdict against defendant McHenry. In a law action upon an express written contract, the contract speaks according to its own express terms. Plaintiff cannot recover in an action at law upon a contract against a defendant who was not a party to it according to its own terms. If he is entitled to relief because of the failure of the defendant to sign the contract, or if he is entitled to a reformation of it because of fraud or mistake, he must pursue his remedy in the proper forum. He cannot pursue an equitable remedy by a jury trial. The petition does not allege facts which would entitle the plaintiff even to an equitable remedy. So far as appears from his petition and evidence, he still holds the legal title to the farm. He makes no offer of performance on his part; nor does he allege or prove his ability to perform. Many errors are assigned on the exclusion of evidence. We have examined them all, and find no reversible error in any ruling complained of. We see nothing to be gained by dealing with them seriatim.

In passing upon the motion to direct a verdict, the trial court entered of record the reasons upon which the ruling was predicated. These involve an extended discussion of plaintiff's proffered evidence. Without going into the details of discussion, we agree quite fully with that of the trial court, as set forth

in the record. We are clear that the verdict was properly directed. See *Anfenson v. Banks*, 180 Iowa 1066.

II. Plaintiff's petition was in two counts. What we have said in the foregoing division pertains wholly to the first count thereof. There was a second count, which was directed against the defendant Sears McHenry alone. This count predicated recovery against McHenry upon an oral promise to pay, alleged to have been made in March, 1921, and alleged that, in consideration of such promise, the plaintiff extended the time of payment of one half of the installment due on March 1, 1921. The defendant moved to strike this count, in that it was improperly joined with the first count, as provided by Sections 3545, 3546, and 3547, Code of 1897.

2. ACTIONS: misjoinder: actions with conflicting venues.

It appears from the record that the defendants were both residents of Crawford County; that the suit was brought in Harrison County; that the contract sued on in the first count was, by its terms, payable in Harrison County. The alleged cause of action set forth in Count 2 was not suable in Harrison County except by the consent of the defendant. There was, therefore, a misjoinder on that ground.

There was a misjoinder on the further ground that the second count set forth a cause of action, if any, against only one of the defendants. This being an action at law, the plaintiff could join therein only causes of action held by him against all the defendants. The trial court sustained the motion to strike. The objection to such ruling is predicated upon a previous waiver of the misjoinder. Several terms of court had intervened since this suit was begun. This defendant had originally answered without attacking the petition for misjoinder. He had proceeded to trial at a previous term, upon the issues as made by his answer. In such previous trial, the plaintiff recovered a verdict, which was set aside by the district court. Thereafter, the plaintiff amended his second count. Thereupon, the defendant obtained leave of the district court to withdraw his answer to the original second count, and to file a motion to strike for misjoinder. The plaintiff resisted on the ground of

3. ACTIONS: misjoinder: separate actions against separate defendants.

4. ACTIONS: misjoinder: waiver and reinstatement of right to object.

previous waiver,—such waiver being predicated upon the facts here stated. Such is the contention now presented on appeal.

Though it be granted that the defendant had once closed the door against his motion to strike, by the filing of the original answer, he had not closed the door which was opened to him by plaintiff's amendment of such count. It was clearly within the discretion of the trial court to permit the defendant to withdraw his answer and to file a motion to strike. The ruling of the court involved no abuse of discretion. After the defendant had filed his motion to strike, the plaintiff withdrew his amendment to Count 2. His contention now is that such withdrawal on his part was effective to forestall any right in the defendant to pursue his motion to strike. We do not think that such withdrawal operated to control the discretion of the court. By filing his amendment, the plaintiff opened the door. Perhaps he had an equal right to close the door again by a withdrawal of the amendment, before the door had been entered by the defendant. But the defendant had entered the open door before the plaintiff decided to close it by a withdrawal of his amendment. The withdrawal of the amendment was stimulated by the entry of the defendant, and was intended to render such entry ineffective. It was something of a battle of wits between counsel. Counsel for the plaintiff wanted to amend his second count. He took a chance on the possibility that counsel for the defendant was still asleep on the question of misjoinder.. But when he saw that counsel for the defendant had entered the door which he had thus opened for him, he quickly closed it by a withdrawal. But the defendant was already in, and the door closed behind him. Such, in effect, was the decision of the district court. We see no grounds to interfere with such decision.

As bearing on the question of remedy, see *Davis v. Kimball,* 74 Iowa 84; *First Nat. Bank v. Shriver,* 152 Iowa 504; *Byington v. Stone,* 51 Iowa 317; *Bowman v. Chicago, St. P. & K. C. R. Co.,* 86 Iowa 490; *Dubuque County v. Reynolds,* 41 Iowa 454.

We find no reversible error in the record. The order appealed from is, therefore,—*Affirmed.*

Faville, C. J., and Arthur and Albert, JJ., concur.