O. B. GIBSON et al., Appellants, v. UNION COUNTY, Appellee.

No. 39227.

JANUARY 15, 1929.

REHEARING DENIED MAY 17, 1929.

*C. T. Gibson* and *John McLennan,* for appellants.

*George A. Johnston* and *Adam Pickett,* County Attorney, for appellee.

ALBERT, C. J.—To a fair understanding of the matters involved herein, a somewhat elaborate quotation from the pleadings is necessary.

It appears that there was a certain tract of land in Union County on which there was an abandoned right of way, over which the Chicago, Burlington & Quincy Railroad originally operated; and if we understand the matter correctly, the defendant county sought to abandon or change one of its highways and to use this abandoned right of way for highway purposes. The proper report was made by the engineer, and resolutions were passed by the board of supervisors condemning said land for highway purposes. Notices of such condemnation were issued to George Gibson, Sr., and George H. Gibson, and were also served upon O. B. Gibson. A commission was duly selected to appraise said land, which made its proper report, and assessed the damages in the sum of $3,185. The board, deeming this appraisement too high, by proper action dismissed the proceedings on April 6, 1926. On the same day, another condemnation proceeding was instituted, seeking to condemn the identical land, and notice was served on George H. Gibson and Ida Collings, and April 19, 1926, was the date set for hearing thereon. Prior to that day, a letter was addressed and delivered to the board of supervisors of Union County, in which the foregoing facts were recited; and it is there further recited that the Gibsons duly notified the board that they were willing to accept the allowance or appraisement made in the first proceedings, of $3,185. Prior to the dismissal of the first proceedings, the board of supervisors offered the property owners $2,500 as damages by reason of said condemnation, which was then declined by the owners. The letter then proceeded:

· ''The undersigned allege that the matter of condemnation and the damages incident thereto have been adjudicated so far as the undersigned or either of them are concerned; that the damages assessed by the appraisers have been accepted by the undersigned and each of them; that they have not appealed from the order of said appraisers and that this board has not abandoned the matter of building or constructing said highway; that this board is powerless to reduce said appraisement, and is without authority in law to again appoint appraisers for the purpose

of again assessing damages to the undersigned or either of them in said or further condemnation proceedings against said land."

Certain sections of the Code are called to the attention of the board, as is also the case of *Daniel v. Clarke County,* 194 Iowa 601. They renew their offer to accept the $3,185 in full payment of all damages. This letter was signed by O. B. Gibson, George H. Gibson, and Emma C. Gibson.

The board of supervisors proceeded to appoint appraisers, who later reported an award of damages in the sum of $2,100, and the board made the order for the payment of same, and a notice of appeal was given, as provided by law.

When this matter reached the district court, a petition was filed, in the names of O. B. Gibson, George H. Gibson, Emma C. Gibson, L. J. Gibson, and C. T. Gibson, reciting that they constituted all of the persons who have any legal right, title, interest, or claim in the lands in controversy; that they and each of them are the owners in fee simple of said lands, and were such owners and in possession thereof on all of the dates mentioned in the petition; that Marietta H. Gibson died on October 28, 1912, seized in fee simple of the above-described land, leaving surviving, her spouse, O. B. Gibson, and George H. Gibson, L. J. Gibson, and C. T. Gibson, as her heirs; (then follows a description of the right of way on the land in controversy); that Emma C. Gibson, on all of the days and dates in this transaction, was the owner in fee simple of the land described, and was in actual possession thereof; that O. B. Gibson, George H. Gibson, and L. J. Gibson have no right, title, interest, or claim in or to the same, nor have they ever asserted such; and that the interest of C. T. Gibson, if any, is that of the husband of the plaintiff Emma C. Gibson. The petition then proceeds to set out in a general way the details of the first condemnation proceedings above referred to, alleges that the notices that were issued in the second condemnation proceedings were directed to George H. Gibson and Ida Collings, and were served upon George H. Gibson, sets out the substance of the letter above referred to from the Gibsons to the board, and alleges that none of the Gibsons, except George H., was served with notice of such last condemnation; that, the first day of June, 1926, the defendant entered upon the land of the plaintiffs and took possession of said abandoned highway, and

deprived them of their said land above described, without compensation and without due process of law, all to their great damage; that, by reason of the acts of confiscation and trespass, the plaintiffs have been deprived of their said land, and will be compelled to erect two miles of fencing and remove and rebuild other fences, to protect said land adjoining said right of way, to move various buildings and maintain fences, all to their great damage, in the sum of $25,000; that, by reason of said act of the defendant's, plaintiffs have sustained exemplary damages in the sum of $1,000; and that the plaintiffs appealed in due form from the acts of the board of supervisors in the second proceedings. Judgment is asked against the defendant in the sum of $26,000. This petition is signed by O. B., George H., Emma C., L. J., and C. T. Gibson.

To this petition a demurrer was filed, on three grounds:

1. That the plaintiffs' petition on its face is an independent action for damages in tort, and shows that an appeal from the action of the board of supervisors is also pending against the same parties.

2. That plaintiffs are not entitled to the relief demanded, or any other relief, for the reason that the statutory method of determining necessary damages in the case of taking a right of way for highway purposes is exclusive, and bars an independent action for such damages; that the defendant county cannot be held liable in an action in which the petition shows that the plaintiffs appeared in the proceedings before the board of supervisors and would not file a claim for damages, and the board has had no opportunity to pass upon the plaintiffs' claim; and that their appearance before the board in the proceedings before the board was an admission by them that the board had jurisdiction of them in the proposed right of way through their premises.

3. That the plaintiffs have taken an appeal from the action of the board of supervisors in the matter of the establishment of said highway through the land described in their petition, and that the taking of such an appeal is an admission that the board had jurisdiction of plaintiffs in said proceeding for the establishment or change of the highway.

Later, this demurrer was amended by adding the following:

4. That there is a misjoinder of causes of action, in that it

is an effort to combine an independent cause of action for damages with an appeal from the proceedings of the board.

5. That there was a misjoinder of parties plaintiff, because it is alleged that Emma C. Gibson is the absolute owner of the tract of land through which the highway was established, and that none of the other plaintiffs have any interest in said tract, other than C. T. Gibson, whose right is the inchoate right of dower, he being the husband of Emma C. Gibson.

6. That no claim for damages alleged in plaintiffs' petition was ever passed upon by the board of supervisors of said county, as required by the provisions of Section 5124, Code of 1924.

The court sustained said demurrer and amendments as to all grounds except Paragraph 5, which was overruled.

Plaintiffs and each of them withdrew all claims for exemplary damages, and stood on the ruling of the court on the demurrer of the defendant. Thereupon the court entered judgment against the plaintiffs for costs, and the plaintiffs excepted. Following this, defendant moved the court to dismiss the appeal of plaintiffs, on the following grounds:

1. That the transcript of the proceedings before the board of supervisors of Union County, Iowa, filed herein, shows affirmatively that the objections filed by them before the board of supervisors deny the jurisdiction of said board to condemn the property for the highway described in said transcript and deny that the board in said proceedings had jurisdiction of the person of the plaintiffs, or of their property sought to be condemned.

2. That said transcript shows affirmatively that none of the plaintiffs ever filed a claim for damages before the board of supervisors, as required by law.

3. That appearance of the plaintiffs before the board of supervisors gave the board jurisdiction of the person of plaintiffs and their land sought to be condemned, and by the taking of an appeal from the action of the board in awarding damages for the taking of said property, the plaintiffs have waived any defect or irregularity in the proceedings; and, since the plaintiffs have each and all of them failed to file any claim for damages before the board, it had no opportunity to pass upon their claim, and they could not appeal and claim a greater amount of damages than was awarded by the board of supervisors, and would be estopped by their said failure to file a claim for damages before

the board of supervisors from claiming a larger sum than was awarded to them by the said board.

Thereupon, the court sustained this motion to dismiss the appeal, and entered judgment against the plaintiffs for costs, but withdrew exceptions of the plaintiffs.

Aside from a mere matter of history, it is apparent that the first condemnation proceedings and the dismissal thereof are not matters of any moment in the decision of the questions we have before us.

The first question for determination is whether Emma C. Gibson, who, it is alleged, was the owner of this land in fee simple, appeared before the board of supervisors, by reason of her  joining in the letter above set out. It goes without out saying, of course, that, if she were the owner of this land in fee simple, and no notice was served upon her, as required by the statute for the condemnation of the same for highway purposes, she would be in no way bound by such proceedings, whatever the result thereof would have been as to the other parties, unless it be that she voluntarily entered her appearance therein by some method, and thus submitted herself and her land to the jurisdiction of the board. But what is said in this letter is simply a statement of the condemnation proceedings, and is not material to the question before us. The letter, however, does assert, in substance, that the board has no jurisdiction to proceed with the condemnation proceedings. In substance, all there is in this letter of any moment herein is that Emma C., together with the other signers of the letter, claims and asserts that the board had no jurisdiction to proceed with the second condemnation proceedings. How can it be said, under such circumstances, that Emma C. Gibson was voluntarily submitting herself and her land to the jurisdiction of the board? It is our conclusion at this point in the proceedings that the letter and its contents cannot be held to be a voluntary appearance on the part of Emma C. Gibson; hence, no notice having been served upon her, it must be held that no jurisdiction was ever acquired over her.

It is apparent, therefore, that, in so far as the demurrer is concerned, the part thereof which rests on the charge that Emma C. Gibson was within the jurisdiction of the board of supervisors is erroneous.

320

As to the fifth paragraph of the demurrer, which is bottomed on the proposition that there is misjoinder of parties plaintiff, the court rightly ruled that this question cannot be  raised by demurrer. *Bort v. Yaw,* 46 Iowa 323; *Independent Sch. Dist. v. Independent Sch. Dist. No. 2,* 50 Iowa 322; *Dolan v. Hubinger,* 109 Iowa 408.

The first, third, and fourth grounds of the demurrer, as amended, are, in fact, all directed to one point: to wit, that the plaintiffs' petition shows on its face that there is another action  pending. This contention, of course, presupposes that the plaintiffs stated a cause of action, and that the petition on its face shows that the same parties have another action pending, involving the identical subject-matter.

At this point, however, we must give attention to the second ground of the demurrer, which raises the question that the condemnation proceedings are exclusive, and bar any independent action for damages.

We finally settled this question in the case of *Brown v. Davis County,* 196 Iowa 1341, in a situation very similar to the present. We there held two propositions: First, that the *ad quod damnum* proceeding provided by statute was an exclusive remedy; and second, that, where the property owner allows the public authorities to take possession of his land for highway purposes, without instituting condemnation proceedings and without compensation, he may not later maintain an action against the county on the ground that they were tort-feasors, and that the county was liable therefor. We there said (l. c. 1348):

"The rule that the neglect of a condemning party to institute condemnation proceedings gives to the landowner the right of election to bring his action at law as for a tort does not apply to a *county.* As we have often held, a county is not a corporation, in the ordinary sense. It is a political body or subdivision, and comes into being as a *quasi* corporation by statutory enactment. It may sue and be suable because, and only because, of statutory permission. It is not liable in damages for the torts of its officials. This was distinctly held in *Wenck v. Carroll County,* 140 Iowa 558; *Packard v. Voltz,* 94 Iowa 277. The previous

cases are set forth in the cited cases. * * * The board of supervisors had no legal authority to obligate the county in any manner in the acquisition of additional land for the alteration of a road, except pursuant to the statutory provision above quoted. They had no authority to pay for any acquisition except out of the road and bridge funds. The amount which they were authorized to pay in a given case could be legally determined only in the method pointed out by the statute. All this the plaintiff presumably knew. When he consented to the entry upon his land by the contractors, he did not thereby waive his appropriate compensation. Neither could he take any advantage of such entry to put the county in the attitude of a tort-feasor. The plaintiff expected just compensation from the county. The board had power, under the statute, to render the county liable for such compensation. It had no power to render the county liable for its torts. In consenting to the entry, the plaintiff must be deemed to have relied upon the statute as the only method whereby the board of supervisors could take his land for highway purposes or could render the county liable to pay the compensation therefor."

This doctrine was reiterated in *Hilgers v. Woodbury County*, 200 Iowa 1318, and the court is not now disposed to recede therefrom.

As to the ruling of the court in dismissing the appeal, since we hold that the board of supervisors had no jurisdiction of the landowner, she, therefore, was not a party to the proceedings in  condemnation from which she attempts to appeal. Never having been a party to such proceedings, she was in no position to appeal, and she could not, by appealing, confer jurisdiction upon the district court. But aside from this, there was nothing in the petition designating the action of the board of supervisors from which she was appealing. There was nothing, therefore, before the district court, so far as this alleged appeal was concerned, on which it could pass; and its action in dismissing the appeal was, therefore, right.—*Affirmed on both appeals.*

STEVENS, DE GRAFF, MORLING, and WAGNER, JJ., concur.