IN RE ESTATE OF CARL A. ARDUSER.

No. 44418.

FEBRUARY 7, 1939.

James E. Remley, for appellant.

E. A. Johnson and Locher & Locher, for appellee.

MILLER, J.—The facts in this case are not in conflict because they are determined from the admissions contained in the pleadings.

On October 28, 1936, appellant filed an application to remove the appellee, Monticello State Bank, as administrator of this estate. On November 24, 1936, appellee filed a resistance to the application for its removal. On March 16, 1937, appellant filed an amendment to his application. On September 22. 1937, appellee filed a motion to strike and demurrer attacking the application, as amended. The motion to strike challenges each individual paragraph of the application and the amendment thereto. The demurrer is predicated upon the contention that the application, as amended, sets forth no grounds which, as a matter of law, are legally sufficient to warrant the court in entering an order of removal of the administrator. Appellant filed a motion to strike appellee's motion and demurrer. The matter was submitted to the trial court, which withdrew appellee's former answer, overruled appellant's motion to strike, and sustained appellee's motion and demurrer. Appellant elected to stand on the ruling of the court, and judgment was entered accordingly. Appellant then perfected his appeal to this court.

Two assignments of error are asserted by appellant. First, that the court erred in entertaining appellee's motion to strike and demurrer, and second, that the court erred in sustaining appellee's motion to strike and demurrer.

There is no merit in appellant's first assignment of error. This court has repeatedly recognized the fact that the trial court has a large discretion in the matter of permitting a litigant to withdraw his answer and substitute therefor a motion or demurrer. Wilson v. McIntire, 73 Iowa 711, 36 N. W. 715; Bowman v. Chicago, St. P. & K. C. Ry., 86 Iowa 490, 53 N. W. 327; Byington v. Stone, 51 Iowa 317, 1 N. W. 647. The trial court's action in permitting the withdrawal of appellee's answer was an exercise of such discretion and, there being no abuse thereof shown by the record herein, we cannot interfere therewith.

In regard to appellant's second assignment of error, we are of the opinion that there is merit in the contentions of appellant. Appellee's demurrer admitted, as true, all facts properly pleaded in the application to remove appellant, as administrator, and the amendment to said application. Section 11144

of the Code. So considered, we hold that said application, as amended, was not vulnerable on demurrer.

Appellant's application, as amended, asserted the following facts. Appellant has a claim of $3,000 against the estate. The appellee is a banking institution and its business is transacted by H. M. Carpenter, Jr., as trust officer, who has complete control and management of all matters concerned with estates, and particularly this estate. Appellee, as administrator, permitted to be set off to the widow a tractor, ensilage cutter and grinder, worth approximately $600, as exempt property, when not exempt under the law. Appellee did not include in its inventory of the estate 300 bushels of corn in a silo, 15 acres of straw baled and in the barn, 4 movable hog buildings on skids of the estimated value of $200. Appellee knew from the beginning that the estate was insolvent, and permitted the widow to use and occupy the real estate, receive the rents and profits therefrom for the first year after the death, without requiring the widow to make an election, set off exempt property appraised at $1,944.75 to the widow, and sold other property to the widow for $2,390 which was its appraised value by a very low appraisal, permitted the widow to receive as her allowance the sum of $900 when the estate was insolvent and the widow had property of her own consisting of life insurance, a large amount of exempt property and 40 acres of real estate, including buildings, as a homestead. Appellee was the owner of a $3,600 real estate mortgage on the 80 acres involved in this estate. It assigned the mortgage to a brother of its trust officer, who foreclosed the same and at the foreclosure sale bid in the 40 acres, other than the homestead, for the full amount of the mortgage, and thereafter the certificate of purchase was re-assigned back to appellee bank, said arrangement being carried out pursuant to a prearranged plan. Appellee is a holder of two claims against the estate by assignment as collateral security, one in the sum of $4,000 and the other in the sum of $3,788, which claims are excessive and represent actual indebtedness of the estate of approximately $1,500. The only property from which creditors can be paid will be the proceeds from the sale of 60 acres of pasture land and 7½ acres of timber land, which sold for approximately $1,675. There are other allegations contained in the application for removal which we do not deem it necessary to consider. The allegations of the application for removal, as amended, above reviewed, were

sufficient to warrant at least a hearing upon said application.

The authority of the court to remove an executor or administrator is specified by section 12066 of the Code. Among the grounds there stated are included the following: When the administrator fails to return inventory, is guilty of any waste or maladministration of the estate, or where, for any other reason, it appears for the best interests of the estate that he be removed. The court has a wide discretion in proceeding under this section and is not obliged to remove an administrator unless there is some tangible and substantial reason to believe that damage will otherwise accrue to the estate. In re Estate of Gray, 201 Iowa 876, 208 N. W. 358; In re Estate of Smith, 223 Iowa 172, 271 N. W. 888; In re Estate of Schneider, 224 Iowa 598, 277 N. W. 567. Under certain circumstances, failure to make a complete inventory is not grounds for removal. In re Estate of Amick, 225 Iowa 829, 281 N. W. 786. The fact that an administrator is a creditor of the estate and in a position hostile to the other creditors is not alone sufficient grounds for removal. Fry v. Fry, 155 Iowa 254, 135 N. W. 1095.

Such decisions are not controlling here. When the evidence has been introduced, it may be that all the complaints will be satisfactorily explained, so that the court, in its discretion, will be fully warranted in overruling appellant's application for removal of appellee. However, considering the application, as amended, in its entirety, and it must be so considered, we hold that the allegations therein contained are sufficient to compel the trial court to afford appellant an opportunity to be heard thereon.

The ruling of the trial court, sustaining appellee's motion and demurrer, is erroneous. The judgment, entered pursuant thereto, must be and it is reversed.—Reversed.

CHIEF JUSTICE and all JUSTICES concur.