E. L. BROWN, Appellee, v. W. A. CORRELL et al., Appellants.

No. 44844.

DECEMBER 12, 1939.

REHEARING DENIED MARCH 16, 1940.

Stipe, Davidson & Davidson, for appellee.

Frank Wisdom and Robert L. Burt, for appellants.

HAMILTON, J.—The petition was in two counts: Count I involved a note signed by both defendants, and Count II involved a note signed by only one of the defendants. The action was commenced for the June, 1938, term and was aided by attachment in which certain persons were garnisheed. When the

notice of garnishment was served on them, they stated they would appear and give answer in court and gave no other answer, but they did not appear in court. April 5, 1938, defendants filed an answer and counterclaim. The answer was a general denial; counterclaim was for wrongfully suing out the attachment. No other defense was urged. The case passed over the June term and also the September term. On October 18, 1938, six months after issue was joined on the petition, the defendants filed a demurrer which is prefaced with the statement that "for the purpose of filing the demurrer, the answer and counterclaim is withdrawn." The ground of the demurrer was misjoinder, both of parties and causes of action. No leave of court was obtained and neither did the adverse party consent to the withdrawal of the answer and counterclaim. Plaintiff filed resistance, alleging waiver and setting up the length of time the action had been pending, and contended that it would be abuse of discretion for the court to permit the filing of a demurrer under such circumstances. The trial court overruled the demurrer. Defendants stood on their demurrer and judgment was entered against the defendants and against the garnishees. Defendants, only, have appealed.

█ It is a matter wholly within the sound discretion of the trial court to permit the withdrawal of a pleading for the purpose of filing a demurrer or motion. Our statute expressly provides (section 11135, 1935 Code) :

"All demurrers and motions assailing a pleading shall be in writing, and filed *before answer* or reply has been filed to the pleading assailed, * * *"

It is also provided, by section 10963, that:

"The court, at any time *before the answer* is filed, upon motion of the defendant, shall strike out of the petition any cause or causes of action improperly joined with others." (Italics ours.)

And, section 10964 provides that:

"All objections to the misjoinder of causes of actions shall be waived, unless made as provided in section 10963."

█ Clearly, the filing of the answer, in this case, was a waiver of the right to proceed under section 10963 by motion.

Likewise the demurrer, if proper, was attempted to be filed after answer had been filed.

While there is no statutory provision granting permission to withdraw a pleading, in common practice, courts do permit this to be done, but it is a matter resting in the sound discretion of the court. Dubuque Co. v. Reynolds, 41 Iowa 454; Byington v. Stone, 51 Iowa 317, 1 N. W. 647; Bowman v. C. St. P. & K. C. Ry. Co., 86 Iowa 490, 53 N. W. 327.

A mere misjoinder of parties cannot be reached by demurrer. State v. Des Moines Union Stock Yards Co., 197 Iowa 987, 197 N. W. 1009, 35 A. L. R. 487; Gibson v. Union County, 208 Iowa 314, 223 N. W. 111; Citizens' State Bank v. Jess, 127 Iowa 450, 103 N. W. 471.

In so far as Count II is concerned, there was a misjoinder of parties. Lydia Correll was in no way concerned, since she did not sign the note, but this was waived by filing an answer. If it is true, as contended by appellants, that, where there is a misjoinder both of causes of action and of parties, the matter may be reached by demurrer, as seems to be the holding in McPherson v. Commercial Bldg. & Sec. Co., 206 Iowa 562, 218 N. W. 306, they did not file their demurrer until after they had answered and the same was filed without permission of the court to withdraw the answer and, under appellants' theory, it would be necessary that we hold the trial court abused his discretion in order to grant any relief.

We see no basis in the record for such holding and, accordingly, the case must be and is affirmed. In view of the result reached, the motion to strike appellants' brief and argument and to dismiss the appeal are overruled.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.